## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT** | § | |
| **OPPORTUNITY COMMISSION,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **DUNCAN BURCH, INC. d/b/a MICHAEL'S** | § | |
| **INTERNATIONAL and** | § | |
| **BURCH MANAGEMENT CO., INC.** | § | |
| | § | |
| **Defendants.** | § | **JURY TRIAL DEMANDED** |

### ORIGINAL COMPLAINT
### OF THE
### <u>UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION</u>

### <u>NATURE OF THE ACTION</u>

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Dhielya D. Rogers and other African-Americans who were adversely affected by such practices. As alleged with greater particularity in paragraphs 11 through 13 below, the U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Duncan Burch, Inc., d/b/a Michael's International, and Burch Management Company, Inc. (collectively "Defendants") violated Title VII by subjecting Rogers and other African-American female employees, as a class, to racial discrimination, disparate terms and conditions of employment, and discharge, because of their race, African-American.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and 2000e-6 and  Section 102 of the Civil Rights Act of 1991, as amended 42 U.S.C. § 1981a.

2.      Venue is proper in this court because the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

3.      Plaintiff, Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and (3).

4.      At all relevant times, Duncan Burch, Inc., d/b/a Michael's International ("Michael's") has been and is now doing business in the State of Texas and the City of Houston and has continuously had more than fifteen employees.  Michael's may be served by serving its registered agent for service of process, Steven W. Craft, 10723 Composite Drive, Dallas, Texas 75354.

5.      At all relevant times,  Burch Management Company, Inc. ("Burch Management") has been and is now doing business in the State of Texas and has continuously had more than fifteen employees.  Burch may be served by serving its registered agent for service of process, Steven W. Craft, 10723 Composite Drive, Dallas, Texas 75354.

6.      At all relevant times, Michael's has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e(b), (g) and (h).

7.      At all relevant times, Burch Management has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

8.      More than thirty days prior to the institution of this lawsuit, Latasha Felder and Dhielya D. Rogers filed charges with the Commission alleging violations of Title VII by Defendants.  All conditions precedent to the institution of this lawsuit has been fulfilled.

9.      Since at least September 2007, Defendants have engaged in unlawful employment practices at their Houston, Texas location in violation of Section 703(a)(1) and (2) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and (2).

10.      From about September 2007, Latasha Felder and Dhielya Rogers worked for Defendants at Michael's International.

11.      From around September 2007, Defendants prevented Rogers, as well as other African-American waitresses, from working their scheduled shifts when Bert Stair, Vice President and Secretary of both Michael's and Burch Management, was visiting the club. Houston managers told Rogers that Stair did not like African-American waitresses and dancers in his club.

12.      Stair directly called at least one of the African-Americans working at Michael's a "nigger," and told her "We don't need any more niggers in this club, we have enough."

3

13.     On or about November 13, 2007, Rogers and other African-American female colleagues insisted on speaking with Stair to discuss their complaints of race discrimination. Although Houston management attempted to prevent the discussion, the workers persisted and did meet with Stair.  As a result of the working conditions becoming intolerable for Rogers and other African-American females employees who were repeatedly prevented from working their scheduled shifts because of their race, Defendants constructively discharged Rogers and these colleagues.

14.     The effect of the practices complained of above in paragraphs 11 through 13 has been to deprive Ms. Rogers and other current and former African-American female employees of Defendants, as a class, of equal employment opportunities and otherwise adversely affect their status as employees because of their race, African-American.

15.     The unlawful employment practices described in paragraphs 11 through 13 were intentional.

16.     The unlawful employment practices complained of in paragraphs 11 through 13 were done with malice and/or with reckless indifference to the federally protected rights of Ms. Rogers and other current and former African-American female employees of Defendants.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

17.     Grant a permanent injunction enjoining the Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in employment practices which discriminate on the basis of race.

18.     Grant a permanent injunction enjoining the Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any

unlawful retaliation against individuals who oppose employment practices reasonably believed to be unlawful under Title VII, or against individuals who assist, encourage, and/or support others who oppose employment practices reasonably believed to be unlawful under Title VII.

19.     Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities regardless of race, and which eradicate the effects of their past and present unlawful employment practices;

20.     Order Defendants to make whole Ms. Rogers and the class members by providing appropriate back pay, with prejudgment interest in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices;

21.     Order the reinstatement of Ms. Rogers and the class members into comparable positions, or award them front pay in the amounts to be proven at trial if reinstatement is impractical.

22.     Order Defendants to make Ms. Rogers and the class members whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraphs 11 through 13, including, but not limited to, out-of-pocket expenses such as job search expenses in amounts to be proven at trial;

23.     Order Defendants to make Ms. Rogers and the class members whole by paying compensatory damages for past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses they suffered as a result of the unlawful employment practices described in paragraphs 11 through 13 above, in amounts to be proved at trial;

24.     Award punitive damages to Ms. Rogers and the class members for Defendants'

malicious and/or reckless conduct described in paragraphs 11 through 13 above, in amounts to be

determined at trial;

25.     Award pre-judgment and post-judgment interest on all amounts recovered as

allowed by law;

26.     Award the Commission its cost in this action; and

27.     Grant such further relief as the Court deems necessary and proper in the public

interest.

**JURY TRIAL DEMANDED**

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

**EQUAL   EMPLOYMENT   OPPORTUNITY
COMMISSION**

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
131 M Street, N.E.
Washington, D.C. 20507

/s/ Timothy_M._Bowne_____
Timothy M. Bowne
Senior Trial Attorney
Attorney-in-Charge
Texas Bar No. 00793371
Southern District of Texas No. 20023
Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002
Phone: (713) 209-3395
Fax: (713) 209-3402
Email: timothy.bowne@eeoc.gov

OF COUNSEL:

JIM SACHER
Regional Attorney
ROSE ADEWALE-MENDES
Supervisor Trial Attorney
Equal Employment Opportunity Commission
1919 Smith Street, 6th Floor Houston, Texas 77002